UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM L. VICTOR,

    Plaintiff,                                   Case Number 11-15143

v.                                            Honorable Thomas L. Ludington

ROSCOMMON COUNTY PROBATION
DEPARTMENT, et al.,

    Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

On November 21, 2011, Plaintiff Kim L. Victor, a citizen of Madison, Ohio, filed this pro se civil rights action under 42 U.S.C. § 1983. The case was referred to Magistrate Judge Charles Binder for pretrial proceedings. ECF No. 4. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the in forma pauperis statute. 28 U.S.C. § 1915(a)(1).

Judge Binder issued a report and recommendation on February 6, 2012, recommending that Plaintiff's complaint be sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the complaint states claims upon which relief cannot be granted. Judge Binder's recommendations are as follows: (1) that Plaintiff's claim against the probation department is fatally deficient under this element because it is well-settled that a county department is not a legal entity capable of being sued, nor is it a "person" for purposes of a § 1983 action; (2) that the claims against Roscommon County, Michigan, officials: Friend of the Court Thomas A. Swanson; Probate Court Chief Judge Douglas C. Dosson1; Parole and Probation Department Supervisor George H. Foust; Chief Circuit Judge Michael J. Baumgartner; Probation Officer Rebecca L. Bailey; Three Unknown Friend of the Court Officials; and Two Unknown Clerk of the Court Officials in their official capacities be dismissed

on the basis of Eleventh Amendment immunity because Congress has not abrogated Eleventh Amendment immunity by statute nor did it do so under § 1983 and Michigan has not consented to the suit; (3) Plaintiff has not alleged any facts to support a conspiracy claim; and (4) Defendant Judge Baumgartner is entitled to absolute judicial immunity because he was acting in his judicial capacity in a state court case over which he had jurisdiction.

Plaintiff filed an objection to Judge Binder's report and recommendation on March 1, 2012. For the reasons provided herein, Plaintiff's objections will be overruled, Judge Binder's report and recommendation will be adopted, and Plaintiff's complaint will be dismissed with prejudice.

**I**

Plaintiff provides a number of general objections and disagreements with Judge Binder's report and recommendation and their general policy disagreement with the binding legal precedent applied therein. "A general objection to the magistrate's report has the same effect as a failure to object" and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mich. 2004). Plaintiff's discernible, specific objections to Judge Binder's conclusions will be addressed below. Additionally, Plaintiff's disagreement with the Court's granting in part and denying in part his motion for an extension of time are not properly before the Court as objections to the report and recommendation.

**A**

Plaintiff first objects to Judge Binder's application of the Prisoner Litigation Reform Act to screen the complaint before service of process was made on Defendants. Judge Binder, however,

applied the screening procedure required by 28 U.S.C. § 1915(e)(2)(B), the statute governing in forma pauperis proceedings. Plaintiff applied to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and the request was granted. ECF Nos. 2, 7. Judge Binder thus appropriately screened Plaintiff's complaint before service of process was made to determine if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiff's objection will be overruled.

**B**

Plaintiff next provides many objections regarding Judge Binder's conclusion that Defendants are entitled to absolute immunity. A significant portion of Plaintiff's objection provides arguments related to immunities afforded to local governments and municipalities and the inapplicability of qualified immunity because it has not been pleaded as an affirmative defense. Because the claims against Defendants in their official capacities are, in effect, claims against the State of Michigan and absolute immunity applies, these arguments are inapplicable. *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2 (1997); *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Plaintiff's objections on this issue are overruled.

**C**

Plaintiff objects to Judge Binder's conclusion that Defendant Judge Baumgartner had jurisdiction over the state court case at issue. Plaintiff contends that there was a complete lack of jurisdiction, but does not provide an adequate explanation for this conclusion nor does he explain whether jurisdiction was challenged in the state court. This general objection is not sufficient "to alert the Court to alleged errors on the part of the magistrate judge" and will be overruled. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

**D**

Finally, Plaintiff objects to Judge Binder's recommendation to dismiss his conspiracy claim because Plaintiff's conclusory allegations do not state a claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987) (vague and conclusory allegations of conspiracy unsupported by material facts will not be sufficient to state such a claim under § 1983).

Plaintiff contends that Judge Binder's conclusion lacks merit because the court in *Gutierrez* addressed the district court's order granting summary judgment on a conspiracy claim. Although this is generally correct, the court in *Gutierrez* discussed the well-settled rule that conspiracy claims must be pled with some specificity, and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. *Id.* at 1538 (citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir.1984) (discussing dismissal of a conspiracy claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim)). The applicable discussion in *Gutierrez* thus was not pursuant to the summary judgment standard in Federal Rule of Civil Procedure 56. Taking Plaintiff's factual allegations as true, Judge Binder correctly concluded that Plaintiff's vague and conclusory conspiracy allegations in the complaint are insufficient to state a claim pursuant to § 1983. The claim is thus subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and Plaintiff's objection is overruled.

**III**

Accordingly, it is **ORDERED** that Plaintiff's objections (ECF No. 11) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 8) is **ADOPTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: May 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 7, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS

---